UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYRONE LAMAR REED JR.,

    Plaintiff,

v.                                          Case No.:   2:22-cv-577-SPC-NPM

HENDRY COUNTY, NESTOR
ECHEVARRIA, MICHAEL
AFONSO, SERGIO
BUSTAMANTE, and MICHAEL
LUNA,

    Defendants.
                             /

## **OPINION AND ORDER**[1]

While searching for an active shooter during an annual festival in LaBelle, Florida, Hendry County Sheriff's Deputies shot and wounded Tyrone Lamar Reed Jr. Reed has sued several parties involved in the incident and its aftermath. (Doc. 25). Defendant Michael Luna moves the Court to dismiss the only claim against him (Doc. 59), which motion Reed opposes (Doc. 60; Doc. 61). After careful review, the Court denies Ofc. Luna's motion.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND[2]

Reed and hundreds of other people gathered at an annual African American heritage festival when shots rang out in the early morning hours. Several members of the Hendry County Sheriff's Office ("HCSO") sought the shooter and traveled toward Reed's house. Seeing their approach, and while on his own property, Reed "raised his hands in the air in order to demonstrate that he was not a threat." (Doc. 25 ¶ 23). Then Sheriff's Deputies Nestor Echevarria, Sergio Bustamante, and Michael Alfonso (collectively "Deputy Defendants") shot a different civilian, discharging their weapons sixteen times. Four of those rounds struck Reed, injuring his buttocks, back, and shoulder, and shattering his kneecap.

The amended complaint alleges: "At the time he was shot, REED had not committed, nor was he suspected of committing, a crime, was not under arrest or detained, did not pose an imminent threat toward any law enforcement officer or civilian, and was not approaching any law enforcement officer or civilian in an aggressive or violent manner." (Doc. 25 ¶27). Reed was not engaged in any illegal activity, and after he was shot, several witnesses told HCSO deputies he was not the shooter.

---

[2] Here the Court provides limited background, necessary to discuss only Ofc. Luna's motion and Reed's response.

Reed was not rendered aid for around fifteen minutes, when an ambulance transported him to Lee Memorial Hospital. Enter Michael Luna, an officer with the Fort Myers Police Department ("FMPD"), about whom the amended complaint contains one paragraph of factual allegations:

> While at Lee Memorial Hospital, REED was "guarded" by LUNA, and was not free to leave. At one point, REED was handcuffed to the hospital bed. REED's restraints were not removed until requested by hospital staff who were preparing to take REED to the operating room for his first surgery. REED was conscious and aware of the fact that he was imprisoned and of the restraints placed on him.

(Doc. 25 ¶ 33). Count Nine of the amended complaint raises a claim of False Arrest under § 1983 and the Fourth Amendment against Luna and the Deputy Defendants.[3] In it, Reed alleges Ofc. Luna guarded him, handcuffed him to his hospital bed, and effected his arrest. Ofc. Luna did this while in uniform and on duty with the FMPD.

Ofc. Luna argues these allegations are insufficient. He asks the Court to dismiss Count Nine with prejudice because the amended complaint fails to state a claim against him, and because qualified immunity shields him from liability.

---

[3] Count Nine is pled in the alternative to Count Two, which raises a claim of False Arrest under § 1983 and the Fourth Amendment against only the Deputy Defendants. (Doc. 25 at 10—11, 18).

3

**LEGAL STANDARD**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Id.* But conclusory allegations are not presumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). And courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

4

## DISCUSSION

Ofc. Luna makes two arguments for dismissal. First, he argues Count Nine fails to state a claim of false arrest against him because Reed "fails to sufficiently allege an arrest in support of his claim." (Doc. 59 at 5). Second, he argues qualified immunity shields him from liability because the amended complaint "fails to plead Luna violated any clearly established constitutional right." (Doc. 59 at 6). Because both arguments hinge on whether Ofc. Luna arrested Reed or simply detained him,[4] the Court will start its analysis there.

### I. The Amended Complaint Sufficiently Alleges False Arrest

The Eleventh Circuit has articulated four non-exclusive factors to consider when trying to characterize a detention: "the law enforcement purposes served by the detention, the diligence with which the police pursue the investigation, the scope and intrusiveness of the detention, and the duration of the detention." *United States v. Acosta*, 363 F.3d 1141, 1146 (11th Cir. 2004) (citations and quotations omitted). It is alleged that even when Reed was shot, he was not suspected of committing a crime and was not an imminent threat to law enforcement or civilians. (Doc. 25 ¶ 27). And after he was shot, witnesses told the deputies he was not the shooter that law enforcement

---

[4] Relevant caselaw draws a distinction between an "investigatory stop" and an "arrest"; the former requires only a "reasonable suspicion," rather than "probable cause." *See United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000).

pursued. (Doc. 25 ¶ 31). Further, with four gunshot wounds and a shattered kneecap, Reed posed no flight risk. (See Doc. 25 ¶ 26).

Based on these allegations, Reed's detention served no law enforcement purpose. *See Bacon v. McKeithen,* No. 5:14-CV-37-RS-CJK, 2014 WL 12479640, at *5–6 (N.D. Fla. Aug. 28, 2014) (because the plaintiff was not a threat to the officers and gave them no reason to make them think he would be unavailable, there was little justification for handcuffing him and placing him in a patrol car). These allegations also show Reed's detention was excessive in its scope and intrusiveness. *See id.* at *5–6. And because Reed was not suspected of a crime, he was not being investigated while he was detained, diligently or otherwise. As for the fourth factor, the amended complaint does not allege how long Reed was handcuffed to his bed. But considering the other factors—and viewing the factual allegations in the light most favorable to Reed—the Court concludes the amended complaint alleges Reed was not just detained, but arrested. The Court rejects Ofc. Luna's argument that Count Nine fails to state a claim against him.

## II. Qualified Immunity Does Not Apply

The Court also rejects Ofc. Luna's qualified immunity argument. Qualified immunity shields government actors against liability for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right. *Fish v. Brown,* 838 F.3d

1153, 1162 (11th Cir. 2016). It is an immunity from suit rather than a mere defense to liability. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)

For qualified immunity to apply, the defendant public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Fish*, 838 F.3d at 1162. That established, the court engages in a two-step inquiry: (1) whether, taken in the light most favorable to the plaintiff, the factual allegations show the defendant's conduct violated a constitutional or statutory right; and (2) whether the constitutional or statutory right was clearly established. *Id.*

Ofc. Luna's actions undisputedly fall within the scope of his discretionary authority (Doc. 59 at 6; Doc. 60 at 11), so the Court considers whether Reed's factual allegations show Ofc. Luna violated a constitutional right.

The right to be free from arrest without probable cause derives from the Fourth Amendment guarantee against unreasonable searches and seizures. *See Fish*, 838 F.3d at 1167 (citing *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004)). "Probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Id.* (citation omitted). "Qualified immunity applies when there was *arguable* probable cause for an arrest even if *actual* probable cause did not exist." *Id.* (citation omitted) (emphasis added). "Arguable probable cause exists if, under all of the facts and

7

circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present."[5] *Id.* (citation omitted).

The amended complaint alleges that Reed was not suspected of committing a crime, that Reed was not an imminent threat to law enforcement or civilians, and that witnesses told deputies Reed was not the shooter that law enforcement pursued. (Doc. 25 ¶¶ 27, 31). In light of these allegations, as the Court must construe them, there was no arguable probable cause for Reed's arrest.

So the Court's analysis turns to whether the constitutional right to be free from arrest without probable cause is clearly established. To demonstrate that a constitutional right is clearly established, a plaintiff must show (1) that a materially similar case has been decided, giving notice to the police; (2) that a broader, clearly established principle should control the novel facts in this situation; or (3) this case fits within the exception of conduct which so obviously violates the constitution that prior case law is unnecessary. *Keating v. City of*

---

[5] "Arguable probable cause exists when an officer reasonably could have believed that probable cause existed, *in light of the information the officer possessed.*" *Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003) (internal quotation marks and citation omitted) (emphasis added). The Court's qualified immunity determination, undertaken at the motion to dismiss stage, considers only the allegations of the amended complaint, viewing those allegations in the light most favorable to Reed. Ofc. Luna's motion does not address arguable probable cause. (Doc. 59 at 6–7). Should there be evidence that the information Ofc. Luna possessed was sufficient to establish arguable probable cause, Ofc. Luna may renew his argument at the appropriate time.

*Miami*, 598 F.3d 753, 766 (11th Cir. 2010). Little analysis is required here, because the Eleventh Circuit's "binding precedent clearly establishe[s] . . . that an arrest made without arguable probable cause violates the Fourth Amendment's prohibition on unreasonable searches and seizures." *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1143 (11th Cir. 2007).

Because the factual allegations show Ofc. Luna's conduct violated a clearly established constitutional right, he is not entitled to qualified immunity, and his argument is denied without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant Michael Luna's Motion to Dismiss (Doc. 59) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 12, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record