UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYRONE LAMAR REED JR.,

    Plaintiff,

v.                                  Case No.:   2:22-cv-577-SPC-NPM

NESTOR ECHEVARRIA,
MICHAEL AFONSO, SERGIO
BUSTAMANTE, MICHAEL LUNA,
CITY OF FORT MYERS and
SHERIFF, HENDRY COUNTY,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendant City of Fort Myers' Motion to Dismiss (Doc. 72), along with Plaintiff Tyrone Lamar Reed, Jr.'s opposition (Doc. 74). For the below reasons, the Court denies the motion.

### BACKGROUND[1]

Reed and hundreds of others gathered at a local African American heritage festival when shots rang out. Officers chased the shooter toward Reed's house. Seeing their approach, and while on his property, Reed raised his hands in the air to show he was not a threat. The officers then shot at a

---

[1] The Court provides limited background, necessary to discuss only the City's motion and Reed's response. The Court accepts the facts pled in the Second Amended Complaint as true on a motion to dismiss. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012).

different civilian, but four rounds struck, injured, and hospitalized Reed. While at the hospital, Officer Michael Luna of the Fort Myers Police Department guarded Reed, handcuffed him to his hospital bed, and effected his arrest.

Reed now brings fifteen counts against several parties involved in the incident and its aftermath. (Doc. 66). Pertinent here, Reed sues the City for false imprisonment (Count Fifteen) because of Officer Luna's alleged actions.[2] The Second Amended Complaint ("SAC") is the operative pleading. It offers one paragraph of facts as to Officer Luna:

> While at Lee Memorial Hospital, REED was "guarded" by LUNA, and was not free to leave. At one point, REED was handcuffed to the hospital bed. REED's restraints were not removed until requested by hospital staff who were preparing to take REED to the operating room for his first surgery. REED was conscious and aware of the fact that he was imprisoned and of the restraints placed on him.

(Doc. 66 ¶ 34). The false imprisonment claim then alleges that, "[a]t the time he was shot, REED had not committed, nor was he suspected of committing, a crime, was not under arrest or detained, did not pose an imminent threat

---

[2] Florida permits recovery against a government entity based on respondeat superior "unless the actor was acting in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Tepper v. Canizaro*, No. 604CV1257ORL31DAB, 2005 WL 2484644, at *9 (M.D. Fla. Oct. 7, 2005), *aff'd*, 175 F. App'x 275 (11th Cir. 2006); *see also McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996) ("In any given situation either the agency can be held liable under Florida law, or the employee, but not both.").

toward any law enforcement officer or civilian, and was not approaching any law enforcement officer or civilian in an aggressive or violent manner." (Doc. 66 ¶ 28). It is also alleged that Reed was not engaged in illegal activity, and after he was shot, witnesses told deputies he was not the shooter. Finally, Reed says, "No reasonable person, at the time of REED's arrest at the hospital, and based upon the information known to LUNA, at that time, would believe that REED had committed, was committing, or was about to commit a crime."[3] (Doc. 66 ¶ 160).

For the City's part, it moves to dismiss the false imprisonment claim with prejudice for not stating any claim upon which relief can be granted.

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion to dismiss, a court may consider the well-pleaded factual allegations, documents central to the complaint, and matters judicially noticed. *La Grasta v. First Union Sec, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A court must accept all factual allegations in a complaint as true and view them in the plaintiff's favor. *Id.* But conclusory allegations are not presumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610

---

[3] Relatedly, Count Nine claims false arrest against Officer Luna (and others)

F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal changes omitted). And courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## DISCUSSION

Under Florida law, false imprisonment is defined as "'the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty.'" *Escambia Cnty. Sch. Bd. v. Bragg*, 680 So. 2d 571, 572 (Fla. 1st Dist. Ct. App. 1996) (quoting *Johnson v. Weiner*, 19 So. 2d 699, 700 (1944)). To prove false imprisonment, a plaintiff must show: "1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the

circumstances." *Harder v. Edwards*, 174 So. 3d 524, 530 (Fla. 4th Dist. Ct. App. 2015) (citations omitted). The third and fourth elements are at issue.

According to the City, Reed "has not pled any facts demonstrating that the alleged restraint imposed against him by [Officer] Luna was done without legal authority or was unreasonable or unwarranted under the circumstances." (Doc. 72 at 6). The Court disagrees for two reasons: one legally and the other factually.

Starting with the legal reason. The City argues this case "mirrors" situations in which a plaintiff is arrested based on the legal authority of a facially sufficient and validly issued arrest warrant that was incorrectly issued by another agency. (Doc. 72 at 8–9). But the two situations are different. In the instance of an arrest warrant, "the warrant confers 'legal authority' on the arresting agency." *Florez v. Broward Sheriff's Off.*, 270 So. 3d 417, 421 (Fla. 4th Dist. Ct. App. 2019) (citing *Willingham v. City of Orlando*, 929 So. 2d 43, 50 (Fla. 5th Dist. Ct. App. 2006)). The enforcement of a facially sufficient and validly issued arrest warrant[4] is a law enforcement duty for which there is no room for exercising discretion. *Willingham*, 929 So. 2d at 50; *see also Eslinger v. Shields*, 91 So. 3d 185, 186 (Fla. 5th Dist. Ct. App. 2012) (the [arresting

---

[4] Incidentally, in *Florez*, the court noted that when an arrest warrant is void and facially invalid based on the conduct of the arresting agency, a wrongfully arrested plaintiff could allege a cause of action for false arrest or false imprisonment against the city. 270 So. 3d at 422.

5

agency] had no duty to look behind the warrants and no discretion in executing them). Because there was no arrest warrant here, Reed's arrest was discretionary. So the City's argument that this case "mirrors" situations in which a warrant conferred legal authority on the arresting agency is misplaced.

Next, the City argues, "the only facts known to [Officer] Luna when he guarded the Plaintiff at the hospital were that the Plaintiff was under arrest by [the other officers] and in need of guarding." (Doc. 72 at 7). But the SAC makes no such allegation. In fact, there are no allegations about what information Officer Luna relied from the officers on the scene.

Rather, the SAC alleges that (1) Reed raised his hands in the air to show he was not a threat as officers approached him; (2) "[a]t the time he was shot, REED had not committed, nor was he suspected of committing, a crime, was not under arrest or detained, did not pose an imminent threat toward any law enforcement officer or civilian, and was not approaching any law enforcement officer or civilian in an aggressive or violent manner"; (3), Reed was on his property and was not engaged in illegal activity when shot; and (4) witnesses told the HCSO officers that Reed was not the shooter. (Doc. 66 ¶¶ 24, 28, 29, 32). The only allegations that address what Officer Luna knew or might have known when he handcuffed Reed to his hospital bed are that "[n]o reasonable person, at the time of REED's arrest at the hospital, and based upon the

6

information known to LUNA at that time, would believe that REED had committed, was committing, or was about to commit a crime." (Doc. 66 ¶¶ 117, 160).

Although Reed does not allege that the officers from the scene shared with him any exculpatory information, Reed alleges no one would reasonably believe he had committed, was committing, or was about to commit a crime with the information Officer Luna had. (Doc. 66 ¶¶ 117, 160). Because the Court must view the SAC's allegations in Reed's favor, it rejects the City's argument about what Officer Luna knew or didn't know.

All the same, should the evidence adduced during discovery show that Officer Luna had information sufficient to establish arguable probable cause at the relevant time, the result may be different.

Accordingly, it is now **ORDERED**:

1. The City of Fort Myers' Motion to Dismiss (Doc. 72) is **DENIED**.
2. The City must answer the Second Amended Complaint on or before **July 27, 2023**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 13, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

7